```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-61864-CIV-MARTINEZ
                              MAGISTRATE JUDGE P.A. WHITE
```

WILLIAM MITCHELL,              :

    Plaintiff,             :

v.                             :          REPORT OF
                                            MAGISTRATE JUDGE
AL LAMBERTI, et al.,           :

    Defendants.            :
_____

## I. Introduction

William Mitchell, a pre-trial detainee who is confined at the Paul Rein Detention Facility, has filed a pro se pleading pursuant to 28 U.S.C. §2241. The pleading, which named the Broward County Sheriff as a defendant, and alleged denial of access to the Court, was docketed as a civil rights complaint.[1] The plaintiff seeks injunctive relief. The plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

                * * *

---

[1] Claims which attack conditions of confinement, rather than fact or duration, except in very limited circumstances, are applicable to civil rights cases, and not 2241 petitions. Paredes ve Wells, 08WL1817338(2008).

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11

Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

Statement of the Claims

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

The plaintiff claims he was denied access to the Court by the actions of Sheriff Lamberti, because the policies at his place of incarceration limit the supplies afforded to indigent inmates, and case law cites are not provided for several days. He states he is hindered in filing motions in his state criminal case no. 10-14410-CF.

Mitchell has filed multiple civil rights cases, labeled as §2241 petitions in this Court, against various defendants whom he contends are denying him access to the state courts in pursuing his pending charges in his state criminal case 10-01441SCF10A.

These allegations fail to raise a claim either pursuant to 28 U.S.C. §2241, or in civil rights pursuant to 42 U.S.C. §1983.

The plaintiff has failed to demonstrate a claim of denial of access to the Court. Prisoners have a constitutional right to effective access to the courts. Lewis v. Casey, 518 U.S. 343 (1996); Bounds, Correction Commissioner v. Smith, 430 U.S. 817 (1977); Wanninger v. Davenport, 697 F.2d 992 (11 Cir. 1983). This right also extends to detainees, including pretrial detainees pending trial, Love v. Summit County, 776 F.2d 908, 912 (10 Cir. 1985) (recognizing pretrial detainees have the same constitutional access rights to vindicate fundamental constitutional rights).

The right to have effective access to the courts includes reasonable access to a law library or adequate assistance from persons trained in the law, Bounds, supra; Straub v. Monge, 815 F.2d 1467 (11 Cir. 1987); Wainwright v. Davenport, 697 F.2d 992 (11 Cir. 1993.

Nevertheless, where a prisoner or detainee's claim that he has been denied access to the courts involves an alleged deprivation of access to resources other than Bounds' core concern of actual legal assistance, courts require him to demonstrate that he suffered an actual injury as a result. Chandler v. Baird, 926 F.2d 1057 (11 Cir. 1991), and cases cited at 1062 n. 3; see also, Strickler v. Waters, 989 F.2d 1375 (4 Cir. 1993), and cases cited at 1382 n. 10; Sands v. Lewis, 886 F.2d 1166 (9 Cir. 1989); Hoppins v. Wallace, 751 F.2d 1161 (11 Cir. 1985).

In other words, to prove a denial of access to the courts, a plaintiff must show "some quantum of detriment" caused by the challenged conduct of state officials, resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation. Jenkins v. Lane, 977 F.2d 266, 268 (7 Cir. 1992), quoting Shango v. Jurich, 965 F.2d 289 (7 Cir. 1992). To show "some quantum of detriment," the complaint must allege specific facts such as court dates missed, an inability to make timely filings, or the loss of a case that otherwise could have been won. Martin v. Davies, 917 F.2d 336, 338 (7 Cir. 1990), cert. denied, 501 U.S. 1208 (1991).

In the case of Lewis v. Casey, supra, the Supreme Court made clear that not just any prejudice will suffice. In Lewis, the Court emphasized that it is vital to a claim of denial of access to the courts for the plaintiff to specifically demonstrate how he was harmed and prejudiced with respect to any litigation in which he was involved, Id., 116 S.Ct. at 2179-80. Additionally, the Court stated that "the injury requirement is not satisfied by just any type of frustrated legal claim." Id., at 2181. Rather, the plaintiff must show that he was prejudiced in a criminal appeal, in a post-conviction proceeding, or in a civil rights action in which

he sought "to vindicate 'basic constitutional rights.'" Id. at 2181-82 (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)).

In this case, the plaintiff is being given legal supplies, although indigent, access to case law, although limited, and has been able to file multiple cases in this Court. He has failed to demonstrate prejudice as a result of the county policies.

### III. Recommendation

1. This complaint should be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. This case is closed.

Objections to this Report shall be filed to the United States District Judge within fourteen days following receipt.

Dated this 6th day of January, 2011.

                                                UNITED STATES MAGISTRATE JUDGE

cc: William Mitchell, Pro Se
    Paul Rein Facility
    Ft Lauderdale, FL.
    Address of record